978 F.2d 1261
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Harold L. MITCHELL, Jr., Plaintiff-Appellant,
v.
PIONEER COMMODITIES, INC., Defendant-Appellee.
 No. 91-1556.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 22, 1992.*
Decided Nov. 2, 1992.
 
 Before COFFEY and EASTERBROOK, Circuit Judges, and WOOD, JR., Senior Circuit Judge.
 
 Order
 
 1
 Harold Mitchell was an "associated person" with Pioneer Commodities, a commodity brokerage. After ruling that this status was a form of employment for purposes of Title VII of the Civil Rights Act of 1964, 650 F.Supp. 703 (N.D.Ill.1986), the district court held a trial. Mitchell recovered a judgment against Pioneer and Agri-Econ, Inc., a firm not involved in this appeal, under the law of contracts. But the district judge ruled against Mitchell on his claim of racial discrimination.
 
 
 2
 Pioneer let Mitchell go on closing its Chicago office in 1983. The district judge found that the closing was a non-racial reason adequately explaining the separation--and that additional reasons (including Mitchell's excessive trading in an effort to generate commissions) could have produced the same result had the office remained open. Mitchell assigned a different significance to these events and denied engaging in excessive trading, but the district judge's decision to credit Pioneer's explanation may be upset only if clearly erroneous, Anderson v. Bessemer City, 470 U.S. 564 (1985), which it is not. Pioneer allowed a less experienced, white "associated person" to continue to use office space after the closure because the co-worker paid his own expenses. The case was fully tried, and the judgment is
 
 
 3
 AFFIRMED.
 
 
 
 *
 Appellee, a corporation, declined to engage counsel and thereby waived its right to respond to the appeal. We deny appellant's request for oral argument